# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

JAQUISH BIOMEDICAL CORP., a
Delaware Corporation,

                Plaintiff,

      v.

GYP TECHNOLOGY (HONGKONG)
CO. LTD. d/b/a TIKATON, a Chinese
company,

                Defendant.

Civil Action No. 6:21-cv-52

**COMPLAINT FOR PATENT
INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

Plaintiff Jaquish Biomedical Corporation ("Jaquish Biomedical"), for its complaint against Defendant GYP Technology (HongKong) Co. Ltd. (d/b/a "Tikaton"), hereby alleges as follows:

## NATURE OF THE ACTION

1.       This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. § 101 *et seq*.

2.       Jaquish Biomedical is the owner of all right, title, and interest in United States Design Patents Nos. D902,330, D898,133, D895,739, D902,329, and D895,032 (collectively, the "Patents-in-Suit," attached hereto as Ex. A).

3.       Tikaton has used and continues to use the claimed designs of the Patents-in-Suit in its Tikaton Resistance Bars (the "Accused Products"), which Tikaton has made, used, offered for sale, and sold in, and/or imported into, the United States.

4.       Jaquish Biomedical seeks, among other things, permanent injunctive relief to stop Tikaton from infringing the Patents-in-Suit; damages and/or disgorgement of Tikaton's profits from its infringing activities; pre-judgment and post-judgment interest; costs and attorneys' fees; and any and all other relief the Court deems just and proper.

## THE PARTIES

5.       Jaquish Biomedical is a Delaware Corporation with its principal place of business at 14096 Sierra Woodlands Court, Nevada City, CA 95959.

6.       On information and belief, Tikaton is a company from the People's Republic of China with its principal place of business at Xixiang Street, Bao'an District, Shenzhen, China 5, A Block, Central Avenue Building, Shenzhen, Guangdong, 518101 China.  The official Tikaton website also identifies the following mailing address: RM 1902 Easey Comm Bldg 253-261

2

Hennessy Rd. Wanchai HK, HongKang, HongKong 999077 China.  Upon information and belief, Tikaton may be served with process, under the Hague Convention, at either address.

## JURISDICTION AND VENUE

7.      This is a civil action that arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 271 and 281. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

8.      The Court has personal jurisdiction over Tikaton because, on information and belief, (1) Tikaton has done and continues to do business in Texas and the Western District of Texas, and (2) Tikaton has committed and continues to commit acts of patent infringement in the State of Texas and in the Western District of Texas, including making, using, offering to sell, and/or selling the Accused Products in the State of Texas and the Western District of Texas, inducing others to commit acts of patent infringement in the State of Texas and the Western District of Texas, and/or committing at least a portion of any other infringement alleged herein, and (3) Tikaton has solicited business in the State of Texas and the Western District of Texas, transacted business within the State of Texas and the Western District of Texas, and/or attempted to derive financial remuneration from residents of the State of Texas and the residents of this District, including benefits directly related to infringement of the Patents-in-Suit. Exercising personal jurisdiction over Tikaton in this lawsuit comports with due process and traditional notions of fair play and substantial justice.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c)(3) because Tikaton is not resident in the United States and thus may be sued in any judicial district in the United States, including this District. Venue is also proper under 28 U.S.C. § 1391(b)(2) because Tikaton sells and offers to sell products and services throughout the United States, including in

this District, and introduces products and services into the stream of commerce knowing that the products and services would be sold in this District and elsewhere in the United States.

## FACTUAL ALLEGATIONS

10.    Jaquish Biomedical is well known around the world for its X3 system (the "X3"). Through Jaquish Biomedical's significant investment in research, design, development, and marketing, the X3 has come to possess a distinctive design, instantly recognizable by its unique features.  These design features are essential to the X3 identity and are recognized in the marketplace as a designator of the X3 brand.

11.    Jaquish Biomedical has made significant investments, both in time and resources, in developing the X3 and securing the intellectual property rights that protect it, including the Patents-in-Suit.

### Jaquish Biomedical's Design Patents

12.    On Nov. 17, 2020, the United States Patent & Trademark Office ("USPTO") issued U.S. Design Patent No. D902,330 titled "Exercise Apparatus" ("the '330 patent").  A true and correct copy of the '330 patent is attached hereto as Exhibit A-1.

13.    On Oct. 6, 2020, the USPTO issued U.S. Design Patent No. D898,133, titled "Exercise Apparatus" ("the '133 patent").  A true and correct copy of the '133 patent is attached hereto as Exhibit A-2.

14.    On Sept. 8, 2020, the USPTO issued U.S. Design Patent No. D895,739, titled "Exercise Apparatus" ("the '739 patent").  A true and correct copy of the '739 patent is attached hereto as Exhibit A-3.

15.    On Nov. 17, 2020, the USPTO issued U.S. Design Patent No. D902,329, titled "Exercise Apparatus" ("the '329 patent").  A true and correct copy of the '329 patent is attached

hereto as Exhibit A-4.

16.     On Sept. 1, 2020, the USPTO issued U.S. Design Patent No. D895,032, titled "Exercise Apparatus" ("the '032 patent").  A true and correct copy of the '032 patent is attached hereto as Exhibit A-5.

### Tikaton's Infringing Activities

17.     As shown below, the Accused Products mimic several design features protected by Jaquish Biomedical's intellectual property, including its valuable patent rights.

18.     Rather than create its own distinctive product design, Tikaton chose to embark on a campaign to systematically copy the X3 in order to improperly exploit the goodwill Jaquish Biomedical has spent years building in the marketplace.  Even a cursory comparison of the X3 to the design of an exemplary Accused Product reveals the extent of this misappropriation of Jaquish Biomedical's intellectual property.



19.     Tikaton offers for sale and sells the Accused Products through its Amazon store (https://www.amazon.com/s?k=Tikaton&ref=bl_dp_s_web_0), and a screenshot depicting an exemplary Accused Product is shown below.



20.     Upon information and belief, Tikaton has made, used, offered for sale, sold, and/or imported the Accused Products into or in the United States, and continues to make, use, offer for sale, sell, and/or import the Accused Products into or in the United States.

**Tikaton's Infringement Has Caused Actual Consumer Confusion**

21.     Tikaton's blatant infringement of the X3 Bar and the patent rights claiming that design have caused actual confusion among the relevant consuming public.  Reviews from Tikaton customers demonstrate the extent of Tikaton's willful infringement and damage to Jaquish Biomedical's reputation in the marketplace.

22.     Indeed, more than 30 customer reviews for the Accused Products on the Tikaton Amazon store alone reference the X3 Bar.  As just one example, on April 21, 2020, a Tikaton customer identified as "Ryan" published the following 1-star review for the Accused Products on the Tikaton Amazon store:  "**Cheap rip off of the X3 Bar**. This is an illegal product trying to copy the X3. The hooks do not move well and are not together. This product will be taken down soon."

23.     Likewise, on February 29, 2020, a Tikaton customer identified as "Seth M." published the following 1-star review for the Accused Products on the Tikaton Amazon store: "This is a **knock-off X3** system."

6

24.     As another example, on April 24, 2020, another Tikaton customer published the following 1-star review for the Accused Products on the Tikaton Amazon store: "Do not buy this **cheap x3 knock off** sold by a shady company in China."

25.     Similarly, on June 11, 2020, a Tikaton customer named "Phillip M. Schlueter" published the following 1-star review for the Accused Products on the Tikaton Amazon store: "**Knock off for the X3**."

26.     As yet another example, on June 15, 2020, a Tikaton customer identified as "Salvador" published the following 1-star review for the Accused Products on the Tikaton Amazon store "**Cheap copy of the X3 bar**."

27.     Several X3 customers have also reported Tikaton's infringement to Jaquish Biomedical directly.  As one example, a X3 customer identified as "Amir K" emailed a link to the Tikaton Amazon store to Jaquish Biomedical's customer support team and stated: "Just wanted to let you know about a **fake knock-off product**, hopefully you can get it removed from Amazon."

28.     As another example, a X3 customer identified as "Hal W" emailed Jaquish Biomedical's customer support team stating: "I'm enjoying my X3 Bar, but you have a **ripoff** called - Tikaton Resistance Bar Portable Home Gym on Amazon and I think, also on ebay.  It looks like they **copied your bar exactly**!"

29.     Tikaton's ongoing and unauthorized acts of patent infringement are not only causing lost sales, they are damaging the reputation and the goodwill associated with the X3 brand that Jaquish Biomedical has spent years building.

## **Tikaton Refused to Cease Its Blatant Infringement**

30.     On October 16, 2020, counsel for Jaquish Biomedical sent Tikaton a letter

demonstrating that the Accused Products infringe the Patents-in-Suit, providing proof of actual customer confusion caused by the infringement, and requesting that Tikaton immediately cease and desist from any further acts of infringement.

31.     Tikaton's counsel responded on Novermber 13, 2020, contending that "GYP Technology Co. does not think the TIKATON Resistance Bar infringe any of the Jaquish Biomedical's design patents" based on an improper analysis of each element of the design separately, focusing on alleged minor differences in specific design details, rather than the overall appearance of the Accused Products as required under the law.  This letter did not dispute the widespread confusion in the marketplace over whether the Accused Tikaton products were made by Jaquish Biomedical and did not question that many customers have purchased the Accused Tikaton products mistaking them for the X3.

32.     Counsel for Jaquish Biomedical sent another letter to Tikaton's counsel on December 3, 2020 identifying the fatal deficiencies in Tikaton's infringement analysis and once again demanding that Tikaton immediately cease its infringing activities.

33.     Tikaton never responded to Jaquish Biomedical's December 3 letter and continued its importation and sale of the Accused Products.

### FIRST CLAIM FOR RELIEF
### (Infringement of the '330 Patent – 35 U.S.C. § 271)

34.     Paragraphs 1 through 33 are incorporated by reference as if fully stated herein.

35.     Jaquish Biomedical owns all rights, title, and interest in the '330 patent.

36.     At least as early as Oct. 16, 2020, Tikaton had actual notice of its infringement of the claimed subject matter in United States Design Patent Application No. 29/734,092 and of the fact that a patent based on this application was expected to issue imminently.  This application issued as the '330 patent on November 17, 2020, and Tikaton knew and/or should have know of

8

its infringement of the issued '330 patent on this date.

37.     Tikaton, without authorization from Jaquish Biomedical, has made, used, offered for sale, sold, and/or imported into or in the United States, and continues to make, use, offer for sale, sell, and/or import into or in the United States, the Accused Products having designs substantially similar to the '330 patent.

38.     Table 1 compares an exemplary figure from the '330 patent with an advertisement of an exemplary Accused Product from a corresponding view.



| TABLE 1 | |
| --- | --- |
| The '330 Patent | Exemplary Accused Product |

39.     By the foregoing acts, Tikaton has infringed, literally and/or under the doctrine of equivalents, and continues to infringe, the '330 patent in violation of 35 U.S.C. § 271.

40.     Upon information and belief, Tikaton's infringement of the '330 patent is, has

been, and continues to be, undertaken knowingly, willfully, deliberately, maliciously, and in bad faith, entitling Jaquish Biomedical to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and expenses incurred in prosecuting this action under 35 U.S.C. § 285.

41.     Upon information and belief, Tikaton has gained profits by virtue of its infringement of the '330 patent.

42.     Upon information and belief, Tikaton has obtained further investment by virtue of its infringement of the '330 patent.

43.     As a direct and proximate result of Tikaton's infringement of the '330 patent, Jaquish Biomedical has been and continues to be damaged in an amount yet to be determined.

44.     Jaquish Biomedical will suffer and is suffering irreparable harm from Tikaton's infringement of the '330 patent.  Jaquish Biomedical has no adequate remedy at law and is entitled to an injunction against Tikaton's infringement of the '330 patent.  Unless enjoined by this Court, Tikaton will continue its infringing conduct, thereby causing Jaquish Biomedical to further sustain irreparable damage, loss, and injury, for which it has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### (Infringement of the '133 Patent – 35 U.S.C. § 271)

45.     Paragraphs 1 through 44 are incorporated by reference as if fully stated herein.

46.     Jaquish Biomedical owns all rights, title, and interest in the '133 patent.

47.     Tikaton had actual notice of its infringement of the '133 patent at least since Oct. 16, 2020.

48.     Tikaton, without authorization from Jaquish Biomedical, has made, used, offered for sale, sold, and/or imported into or in the United States, and continues to make, use, offer for sale, sell, and/or import into or in the United States, the Accused Products having designs substantially similar to the '133 patent.

49.    Table 2 compares an exemplary figure from the '133 patent with an advertisement of an exemplary Accused Product from a corresponding view.

| TABLE 2 | |
| --- | --- |
| The '133 Patent | Exemplary Accused Product |
|  | |

50.    By the foregoing acts, Tikaton has infringed, literally and/or under the doctrine of equivalents, and continues to infringe, the '133 patent in violation of 35 U.S.C. § 271.

51.    Upon information and belief, Tikaton's infringement of the '133 patent is, has been, and continues to be, undertaken knowingly, willfully, deliberately, maliciously, and in bad faith, entitling Jaquish Biomedical to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and expenses incurred in prosecuting this action under 35 U.S.C. § 285.

52.    Upon information and belief, Tikaton has gained profits by virtue of its infringement of the '133 patent.

11

53.     Upon information and belief, Tikaton has obtained further investment by virtue of its infringement of the '133 patent.

54.     As a direct and proximate result of Tikaton's infringement of the '133 patent, Jaquish Biomedical has been and continues to be damaged in an amount yet to be determined.

55.     Jaquish Biomedical will suffer and is suffering irreparable harm from Tikaton's infringement of the '133 patent.  Jaquish Biomedical has no adequate remedy at law and is entitled to an injunction against Tikaton's infringement of the '133 patent.  Unless enjoined by this Court, Tikaton will continue its infringing conduct, thereby causing Jaquish Biomedical to further sustain irreparable damage, loss, and injury, for which it has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### (Infringement of the '739 Patent – 35 U.S.C. § 271)

56.     Paragraphs 1 through 55 are incorporated by reference as if fully stated herein.

57.     Jaquish Biomedical owns all rights, title, and interest in the '739 patent.

58.     Tikaton had actual notice of its infringement of the '739 patent since at least Oct. 16, 2020.

59.     Tikaton, without authorization from Jaquish Biomedical, has made, used, offered for sale, sold, and/or imported into or in the United States, and continues to make, use, offer for sale, sell, and/or import into or in the United States, the Accused Products having designs substantially similar to the '739 patent.

60.     Table 3 compares an exemplary figure from the '739 patent with an advertisement of an exemplary Accused Product from a corresponding view.

12

| TABLE 3 | |
|---|---|
| **The '739 Patent** | **Exemplary Accused Product** |



61.     By the foregoing acts, Tikaton has infringed, literally and/or under the doctrine of equivalents, and continues to infringe, the '739 patent in violation of 35 U.S.C. § 271.

62.     Upon information and belief, Tikaton's infringement of the '739 patent is, has been, and continues to be, undertaken knowingly, willfully, deliberately, maliciously, and in bad faith, entitling Jaquish Biomedical to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and expenses incurred in prosecuting this action under 35 U.S.C. § 285.

63.     Upon information and belief, Tikaton has gained profits by virtue of its infringement of the '739 patent.

64.     Upon information and belief, Tikaton has obtained further investment by virtue of its infringement of the '739 patent.

65.     As a direct and proximate result of Tikaton's infringement of the '739 patent, Jaquish Biomedical has been and continues to be damaged in an amount yet to be determined.

66.     Jaquish Biomedical will suffer and is suffering irreparable harm from Tikaton's infringement of the '739 patent.  Jaquish Biomedical has no adequate remedy at law and is entitled to an injunction against Tikaton's infringement of the '739 patent.  Unless enjoined by this Court, Tikaton will continue its infringing conduct, thereby causing Jaquish Biomedical to further sustain irreparable damage, loss, and injury, for which it has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
**(Infringement of the '329 Patent – 35 U.S.C. § 271)**

67.     Paragraphs 1 through 66 are incorporated by reference as if fully stated herein.

68.     Jaquish Biomedical owns all rights, title, and interest in the '329 patent.

69.     The '329 patent issued on November 17, 2020, and Tikaton knew and/or should have known of its infringement of the issued '329 patent on this date.

70.     Tikaton, without authorization from Jaquish Biomedical, has made, used, offered for sale, sold, and/or imported into or in the United States, and continues to make, use, offer for sale, sell, and/or import into or in the United States, the Accused Products having designs substantially similar to the '329 patent.

71.     Table 1 compares an exemplary figure from the '329 patent with an advertisement of an exemplary Accused Product from a corresponding view.

14

| TABLE 4 | |
|---|---|
| **The '329 Patent** | **Exemplary Accused Product** |



72.   By the foregoing acts, Tikaton has infringed, literally and/or under the doctrine of equivalents, and continues to infringe, the '329 patent in violation of 35 U.S.C. § 271.

73.   Upon information and belief, Tikaton's infringement of the '329 patent is, has been, and continues to be, undertaken knowingly, willfully, deliberately, maliciously, and in bad faith, entitling Jaquish Biomedical to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and expenses incurred in prosecuting this action under 35 U.S.C. § 285.

74.   Upon information and belief, Tikaton has gained profits by virtue of its infringement of the '329 patent.

75.   Upon information and belief, Tikaton has obtained further investment by virtue of its infringement of the '329 patent.

76.     As a direct and proximate result of Tikaton's infringement of the '329 patent, Jaquish Biomedical has been and continues to be damaged in an amount yet to be determined.

77.     Jaquish Biomedical will suffer and is suffering irreparable harm from Tikaton's infringement of the '329 patent.  Jaquish Biomedical has no adequate remedy at law and is entitled to an injunction against Tikaton's infringement of the '329 patent.  Unless enjoined by this Court, Tikaton will continue its infringing conduct, thereby causing Jaquish Biomedical to further sustain irreparable damage, loss, and injury, for which it has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
### (Infringement of the '032 Patent – 35 U.S.C. § 271)

78.     Paragraphs 1 through 77 are incorporated by reference as if fully stated herein.

79.     Jaquish Biomedical owns all rights, title, and interest in the '032 patent.

80.     Tikaton knew and/or should have known of its infringement of the '032 patent by at least least Oct. 16, 2020.

81.     Tikaton, without authorization from Jaquish Biomedical, has made, used, offered for sale, sold, and/or imported into or in the United States, and continues to make, use, offer for sale, sell, and/or import into or in the United States, the Accused Products having designs substantially similar to the '032 patent.

82.     Table 1 compares an exemplary figure from the '032 patent with an advertisement of an exemplary Accused Product from a corresponding view.



| TABLE 5 | |
| --- | --- |
| **The '032 Patent** | **Exemplary Accused Product** |

83.     By the foregoing acts, Tikaton has infringed, literally and/or under the doctrine of equivalents, and continues to infringe, the '032 patent in violation of 35 U.S.C. § 271.

84.     Upon information and belief, Tikaton's infringement of the '032 patent is, has been, and continues to be, undertaken knowingly, willfully, deliberately, maliciously, and in bad faith, entitling Jaquish Biomedical to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and expenses incurred in prosecuting this action under 35 U.S.C. § 285.

85.     Upon information and belief, Tikaton has gained profits by virtue of its infringement of the '032 patent.

86.     Upon information and belief, Tikaton has obtained further investment by virtue of

its infringement of the '032 patent.

87.     As a direct and proximate result of Tikaton's infringement of the '032 patent, Jaquish Biomedical has been and continues to be damaged in an amount yet to be determined.

88.     Jaquish Biomedical will suffer and is suffering irreparable harm from Tikaton's infringement of the '032 patent.  Jaquish Biomedical has no adequate remedy at law and is entitled to an injunction against Tikaton's infringement of the '032 patent.  Unless enjoined by this Court, Tikaton will continue its infringing conduct, thereby causing Jaquish Biomedical to further sustain irreparable damage, loss, and injury, for which it has no adequate remedy at law.

## REQUEST FOR RELIEF

WHEREFORE, Jaquish Biomedical prays for judgment against Tikaton as follows:

A.      A judgment and order adjudicating and declaring that Tikaton has infringed each of the Patents-in-Suit;

C.      A judgment and order permanently enjoining Tikaton, its officers, agents, servants, employees, attorneys and all persons in active concert or participation with Tikaton, from further infringement of the Patents-in-Suit;

D.      A judgment and order that Tikaton must account and pay actual damages, including a disgorgement of Tikaton's profits and/or any lost profits or other harm to Jaquish Biomedical (but no less than a reasonable royalty), to Jaquish Biomedical for Tikaton's infringement of the Patents-in-Suit;

E.      A judgment and order awarding Jaquish Biomedical the total profits realized by Tikaton from its infringement of the Patents-in-Suit pursuant to 35 U.S.C. § 289;

F.      A judgment and order declaring that Tikaton has willfully infringed the Patents-in-Suit;

18

G.      A judgment and order awarding Jaquish Biomedical damages adequate to compensate for Tikaton's infringement together with enhanced damages up to three times any amount ordered pursuant to 35 U.S.C. § 284;

H.      A determination that this is an exceptional case under 35 U.S.C. § 285;

I.      A judgment and order awarding Jaquish Biomedical its reasonable attorneys' fees;

J.      A judgment and order awarding Jaquish Biomedical its costs, expenses, and interest, including pre-judgment and post-judgment interest, as provided for by 35 U.S.C. § 284;

L.      A judgement and order awarding punitive or exemplary damages where appropriate;

M.      A judgment and order awarding Jaquish Biomedical both pre-judgment and post-judgment interest on each and every monetary award; and

N.      Granting Jaquish Biomedical such other and further relief as the Court deems just and appropriate, or that Jaquish Biomedical may be entitled to as a matter of law or equity.

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38, Jaquish Biomedical respectfully demands a jury trial of all issues triable to a jury in this action.

19

Dated:        January 19, 2021          Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By /s/ *Elizabeth M. Chiaviello*
        Elizabeth M. Chiaviello
        State Bar No. 24088913
        elizabeth.chiaviello@morganlewis.com

**MORGAN, LEWIS & BOCKIUS LLP**
1717 Main Street, Suite 3200
Dallas, Texas 75201-7347
T: 1.214.466.4000
F: 1.214.466.4001

Michael J. Lyons
(*pro hac vice* pending)
michael.lyons@morganlewis.com

Ehsun Forghany
(*pro hac vice* pending)
ehsun.forghany@morganlewis.com

**MORGAN, LEWIS & BOCKIUS LLP**
1400 Page Mill Road
Palo Alto, CA 94304
T: 1.650.843.4000
F: 1.650.843.4001

*Attorneys for Plaintiff Jaquish*
*Biomedical*